UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Daniel McNeal,                                                                             Civil No. 07-2494  JNE/AJB

               Plaintiff,

v.                                                                     **REPORT AND RECOMMENDATION ON**
                                                  **MOTION FOR SUMMARY JUDGMENT**

Sherburne County, et al.,

               Defendants.

      This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, for Report and Recommendation on defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 [Docket No. 35]. Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983. At the time the action was commenced the plaintiff was detained at the Sherburne County Jail while awaiting trial as a defendant in a federal prosecution.[1] The amended complaint alleges that the plaintiff was sexually harassed by Officer DeMarre, a guard at the county jail, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. The amended complaint also alleges that the Sherburne County Sheriff refused to provide requested psychological services.[2]

      Defendants now move for summary judgment dismissing the action on grounds that the

---

[1] United States District Court, District of Minnesota Criminal File No. 06-406 DSD/FLN. Plaintiff has since been convicted, sentenced, and transferred to the federal prison in Coleman, Florida.

[2] The record in this case also contains inmate grievance allegations regarding tampering with plaintiff's mail [Docket Nos. 20, 26, 28 and 29], and a general claim of retaliation by Sherburne County Officers [Docket No. 22]. The amended complaint does not contain an interference with mail claim or a retaliation claim.

amended complaint in this matter does not state any claims against defendants in their individual capacities and that no liability can be found as a matter of law to the extent that an official capacity suit is alleged. Plaintiff Daniel McNeal has not submitted a memorandum in response to the motion for summary judgment despite being expressly advised that he would be permitted to submit such a memorandum, and further being advised of the consequences of a failure to timely respond. For reasons discussed below, the court recommends that the defendants' motion for summary judgment be granted and that the complaint in this action be dismissed with prejudice.

## DISCUSSION

**Background and Procedural History**

Plaintiff Daniel McNeal commenced this action on May 25, 2007, by complaint in which he alleged that he had been sexually harassed by Officer Michael DeMarre, an employee at the Sherburne County Jail. During times pertinent to this matter Mr. McNeal was a pretrial detainee at the jail, awaiting trial and/or sentencing on an federal indictment in United States District Court for the District of Minnesota.[3] The complaint asserted damages in the amount of $1,000,000. An amended complaint was filed on August 9, 2007, and plaintiff therein reasserted the claim for money damages, to be donated to a specified charity, and he further demanded that he be moved out of the Sherburne County Jail.[4] The alleged sexual harassment was based upon factual assertions that on March 30, 2007, Officer DeMarre had watched the prisoner sitting on the toilet in his cell and thereafter made

---

[3] District of Minnesota Criminal File No. 06-406 DSD/FLN.

[4] Amended Complaint, ¶ V [Docket No. 19].

sexually explicit comments which caused the prisoner to feel shame and distress.[5] Another incident occurred on or about April 6, 2007, at which time Officer DeMarre surreptitiously observed the prisoner applying body lotion on himself, and the officer again made comments of a sexual nature and possibly engaged in masturbation.[6] It is further alleged that on April 7, 2007, Officer DeMarre found the plaintiff masturbating in his cell and proceeded to ask sexually explicit questions;[7] on April 15, 2007, the officer made sexually inappropriate and taunting comments while plaintiff was on the toilet;[8] and on April 16, 2007, DeMarre again watched the prisoner use the toilet, wrote an harassing note, and made offensive comments.[9] Finally, on April 17, 2007, Officer DeMarre made a racially offensive remark when delivering a grievance form to the plaintiff.[10] In an interview by Captain Isais later in the day on April 17, 2007, the prisoner was asked what had happened. At that time the plaintiff stated that he would like to speak with a psychologist, and he was advised that Officer DeMarre had been relocated and would not be working around the prisoner.[11] Nonetheless, plaintiff alleges that on May 2, 2007, DeMarre came to his cell block with a medcart.[12]

During his detention at the Sherburne County Jail, plaintiff McNeal filed several motions

---

[5] Id., ¶ IV(2).

[6] Amended Complaint, ¶ IV(3).

[7] Id., ¶ IV(4).

[8] Id., ¶ IV(6).

[9] Id., ¶ IV(7).

[10] Id., ¶ IV(8).

[11] Id., ¶ IV(9).

[12] Id., ¶ IV(10).

seeking orders for his relocation, all of which were addressed and either denied or determined to be moot because plaintiff had previously requested the same relief in his criminal case and the matter was still pending before the District Judge in the criminal case.[13]  Furthermore, the plaintiff had since been sentenced on the federal criminal conviction and his relocation was imminent.  Mr. McNeal was delivered to FCC--Coleman, Florida on January 15, 2008.[14]  He has not communicated with the court since filing a motion for relocation dated October 3, 2007.  The court record contains no indication that legal materials subsequently mailed to the plaintiff, including court-issued documents and summary judgment materials served by defendants, have been returned as non-deliverable or for refusal to accept.  Neither the initial complaint nor the amended complaint in this matter makes any assertion whatsoever with respect to whether individual defendants are sued in an official capacity or in an individual capacity.[15]

**Standard of Review**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule

---

[13] Order on Motions dated November 6, 2007  [Docket No. 34].

[14] Docket No. 58 in District of Minnesota Criminal File No. 06-406 DSD/FLN.

[15] Likewise, upon review of motions, affidavits, and related materials filed by plaintiff, the court finds no indication as to whether plaintiff wished to assert claims against any individual defendant in this matter in either an official capacity, an individual capacity, or both.

56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 106 S.Ct. at 1355, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56(e). Pro se pleadings are held to a less stringent standard than attorney drafted pleadings. Haines v. Kerner, 404 U.S. 519, 520-21, 92S.Ct. 594, 596 (1972). However, the party opposing the motion still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

**Official Capacity**

In an action under 42 U.S.C. § 1983 a public servant may be sued in an official capacity, an individual capacity or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). A personal capacity suit must be expressly alleged in the complaint. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir 1995)(citing Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989)), see Baker v. Chisolm, 501 F.3d 920, 923-24 (8th Cir. 2007)(reaffirming Egerdahl). Where a complaint is silent as to whether a defendant is sued in an official capacity or a personal capacity, the pleading will be interpreted as asserting official capacity claims only. Id. at 619-20. Neither a cryptic hint in the complaint nor a statement in response to a motion to dismiss is sufficient to

constitute an assertion of a person capacity claim.  Id. at 620.  See also Stahl v. State of Minnesota, 2004 WL 724058, *3-*4 (D.Minn.)  Plaintiff McNeal has not expressly alleged that defendants in this matter are sued in a personal capacity, and he has made no effort to amend his complaint to allege individual capacity claims, despite having ample opportunity to do so.  But cf.  Krych v. Hvass, 83 Fed.Appx. 854, 855 (8th Cir. 2003)(unpublished opinion),[16] see also Young v. Minnesota Department of Corrections, 2006 WL 2670030 (D.Minn.)(existence of personal capacity claims indicated by claim for punitive damages).  Under the circumstances here the court construes the complaint to allege official capacity claims only.  Moreover, a suit against a public employee in that person's official capacity is merely a suit against the public employer.  Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 690 n.5 (1978), see also Kentucky v. Graham 473 U.S. 159, 165, (1985).

A local government entity, i.e. municipality, may be found liable in a Section 1983 action only if the constitutional right at issue is violated as the consequence of municipal custom or policy.  Angarita v. St. Louis County, 981 F.2d 1537, 1547 (8th Cir. 1992).  A municipal defendant is not vicariously liable for an employee's unconstitutional actions, and municipal liability must be established by evidence that policy or custom was the moving force behind the alleged constitutional violation.  Mettler v. Witledge, 165 F.3d 1197, 1204 (8th Cir. 1999)(citing Monell 436 U.S. at 694).  A "policy" is an officially mandated principle or procedure as determined by an official having final

---

[16]  In Krych v. Hvass, 83 Fed.Appx. 854 at 855, in an unpublished decision, the Eighth Circuit panel determined that individual capacity claims had been alleged because the plaintiff indicated in his objections to the magistrate judge's report and recommendation that defendants were also sued in their individual capacities.  Consequently, Krych supports the notion that a plaintiff could essentially amend the complaint through appropriate objections.  Nonetheless, the case does not support survival of official capacity claims.

authority on the matter.  Plaintiff McNeal has not identified or alleged the existence of any municipal policy at issue with respect to the civil rights violations alleged in this case.   "Custom or usage," on the other hand, can be established by evidence of:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of the misconduct; and
>
> (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, i.e. proof that the custom was the moving force behind the constitutional violation.

Mettler v. Witledge, 165 F.3d 1197, 1204 (8th Cir. 1999).  In the present case the pleadings contain no allegation and the record contains no evidence with respect to either sexual harassment claims or a deprivation of psychological treatment allegation that might address or support a conclusion that the claims arose out a widespread pattern of unconstitutional conduct by jail employees, that the alleged conduct was tacitly authorized or allowed to continue because of the deliberate indifference of Sherburne County officials, or that the alleged violations were the result of a custom that encouraged or condoned either type of constitutional violation.  Plaintiff has not presented persuasive evidence with respect to any of the above factors and certainly has not established the existence of custom sufficient to establish grounds for government liability for constitutional claims alleged in this case.  Official capacity claims for damages for constitutional violations in this action should be dismissed. Furthermore, to the extent that Mr. McNeal seeks non-monetary relief, he has stated his request for relief by clear and concise demand that defendants "Move me out of Sherburne Jail."[17]  The prisoner is

---

[17] Amended Complaint, ¶ IV.

no longer a resident at the Sherburne County Jail and the request is therefore moot.

**Eighth Amendment**

Even in the event that plaintiff Daniel McClean's claims in this matter were not barred by the absence of official liability, as a matter of law the prisoner has failed to allege or otherwise present facts sufficient to establish an Eighth Amendment cause of action.  Plaintiff's sexual harassment claim is based upon his contentions regarding comments made by Officer DeMarre, along with DeMarre's leering behavior.[18]  He also alleges that failure to have an on-site psychologist is cruel punishment.[19]

The Eighth Amendment to the United States Constitution expressly forbids infliction of cruel and unusual punishment.  In the context of prisoner's claim of sexual harassment by a corrections officer it has been decided that such abuse can never serve a legitimate penological interest and in some instances may constitute "unnecessary and wanton infliction of pain."  Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997)(citations omitted).  That being said, to prevail on such a constitutional claim a prisoner must objectively prove that the alleged harassment caused "pain," and must show, as a subjective matter, that the officer acted with a sufficiently culpable state of mind.  Id.  In addition, federal statutory law at 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action many be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without showing of physical injury."  In the matter now before the court neither the amended complaint nor any of the supporting documents submitted by the plaintiff, i.e. grievances,

---

[18]  Id., ¶ IV.

[19]  Id., ¶ IV(1).

reports, and affidavits, contains an allegation the Officer DeMarre physically touched the prisoner at all, much less in connection with the alleged harassing remarks, and the prisoner make no claim of physical injury. Under these circumstances the plaintiff has not stated a claim under the Eighth Amendment. Barney v. Pulsipher, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998)(severe verbal harassment alone is not sufficient to state a claim under the Eighth Amendment); See Howard v. Everett, 2000 WL 268493 (8th Cir.)(unpublished opinion)(sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain).

With regard to McNeal's contention that the unavailability of psychological treatment constitutes cruel punishment, the Eighth Amendment requires that the prisoner allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs in order to state a cognizable claim. Estelle v. Gamble, 429 U.S. 97, 106; 97 S.Ct. 285, 292 (1976); Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993). In the context of a claim of inadequate medical care, the prisoner must demonstrate more than medical negligence. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990). The "deliberate indifference to a serious medical need must rise to the level of an unnecessary and wanton infliction of pain." Jorden v. Farrier, 788 F.2d 1347, 1348 (8th Cir. 1986). A serious medical need is a need that has been diagnosed as requiring treatment or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

The amended complaint merely alleges that the failure to have an on-site psychologist is cruel punishment. The pleadings contain no direct allegation of deliberate indifference to a serious medical need or any assertion of unnecessary and wanton infliction of pain. Furthermore, the record is

9

devoid of any concrete medical facts that would suggest plaintiff was suffering from any serious psychological condition and he alleges no serious physical injury or symptoms, although plaintiff has submitted an affidavit with exhibits in which he alleges cruel and unusual punishment and "deliberate disregard for the law and constitution," and he states that he needed to see a psychologist because of the actions "by Mike DeMarre that has lead to lost of sleep, depression, and nightmares."[20]

With respect to his claim that he was denied necessary psychological treatment plaintiff has offered nothing more than conclusory and self-serving allegations which are entirely unsupported by medical facts. Failure to treat a medical condition is not punishment under the Eighth Amendment unless prison officials knew that the condition created excessive risk to the prisoner's health and then failed to act on that knowledge. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)(citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)). Prison officials may exhibit deliberate indifference by intentionally denying or delaying access to medical care, Dulany at 1239, but mere negligence is insufficient to rise to a constitutional violation. Id. (citing Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 281-92 (1976)). In order to survive summary judgment plaintiff must present *prima facie* evidence to demonstrate (1) that he had objectively serious medical needs and (2) that defendant actually knew of but deliberately disregarded those needs. Dulany at 1239 (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). A serious medical need is a need that has been diagnosed by a physician as requiring treatment or that is so obvious that the necessity for professional attention would be easily recognized by a layperson. Coleman at 784 (citing Camberos v. Branstad, 73 F.3d at 176). Plaintiff presents no evidence of a professional diagnoses of a condition requiring psychological

---

[20] Affidavit filed August 9, 2007 [Docket No. 20].

treatment, and more importantly, he does not describe a condition or symptoms that are so obvious that the necessity for professional attention would be easily recognized by a layperson. Indeed, characterization of sleeplessness, depression and nightmares as physical injuries is marginal at best. The pleadings and the record as a whole do not contain objective evidence sufficient to establish a *prima facie* claim of deliberate disregard or unnecessary and wanton infliction of pain and suffering for plaintiff's serious mental health needs as required to establish an Eighth Amendment claim of cruel and unusual punishment.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge **recommends** that defendants' Motion for Summary Judgment [Docket No. 35] be **granted** and that plaintiff Daniel McNeal's amended complaint be **dismissed** with prejudice.

Dated:     April 30, 2008

    s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 15, 2008.